983 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James T. SULLIVAN, Plaintiff-Appellant,
v.
Patricia DROME; Timothy Fowler; Timothy Bailey; Marsha
Foresman, A.D.W., Defendants-Appellees.
 No. 92-1733.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1992.
 
 Before KENNEDY and BATCHELDER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 James T. Sullivan, a pro se Michigan prisoner, appeals a district court order dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Sullivan sued several employees of the Michigan Department of Corrections in their individual capacities. Sullivan's complaint has been construed as alleging that the defendants violated his constitutional rights when they found him guilty of a minor misconduct and disciplined him to one day top lock. Specifically, Sullivan made the following allegations: (1) that the prison's policy directives and rules have not been properly promulgated and are therefore invalid and unenforceable; (2) that defendant Drome, who conducted the minor misconduct hearing, was not authorized to do so under Michigan law; and (3) that defendant Fowler falsified the misconduct report in order to retaliate against plaintiff for filing prior lawsuits against prison officials.
 
 
 3
 The defendants filed a motion to dismiss, or in the alternative, for summary judgment which a magistrate judge recommended granting. After de novo review in light of Sullivan's objections, the district court granted the defendants' motion for summary judgment on all the issues raised and dismissed the case.
 
 
 4
 On appeal, Sullivan argues that the defendants' guidelines and policies are unenforceable and invalid, and that only an attorney has authority to conduct minor misconduct hearings under Michigan law. He makes no mention of his false misconduct/retaliation claim. He requests leave to proceed pro se (presumably in forma pauperis), the appointment of counsel and oral argument. Both parties have filed briefs.
 
 
 5
 Upon review, we affirm the district court's judgment because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 6
 Furthermore, because Sullivan's false misconduct/retaliation claim has been abandoned on appeal, it is not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). This claim is also frivolous because Sullivan admits to committing the misconduct.
 
 
 7
 Accordingly, we deny Sullivan's request for pauper status as moot as he is already proceeding in forma pauperis, deny all other forms of relief and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.